# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10032
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2023

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Jacobo Fuentes-Salgado,

Defendant—Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-241-1

_____

Before Jolly, Higginson, and Duncan, Circuit Judges.

Per Curiam:*

Jacobo Fuentes-Salgado appeals his conviction and sentence for illegal reentry into the United States after a previous removal under 8 U.S.C. § 1326(a) and (b)(1). Fuentes-Salgado argues that treating a prior felony or aggravated felony conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than a separate element of the

_____

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 23-10032

offense, violates the Constitution. While Fuentes-Salgado's 21-month term of imprisonment was within the otherwise applicable statutory maximum in § 1326(a), he complains that his three-year term of supervised release exceeds the one-year statutory maximum that applies without a § 1326(b) enhancement. *See* 18 U.S.C. §§ 3559(a), 3583(b). However, Fuentes-Salgado concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and merely raises this issue to preserve it for further review. The Government has moved without opposition for summary affirmance, or, alternatively, for an extension of time to file a brief.

Because Fuentes-Salgado is correct that his argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.